# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# PADUCAH DIVISION
# CASE NO.: 5:09-CV-00154-TBR

**JOHN HENRY LEWIS**                                                                         **PETITIONER**

v.

**JOSEPH MEKO, WARDEN**                                                      **RESPONDENT**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon Plaintiff, John Henry Lewis', Motion to Alter or Amend Order Pursuant to CR 59(b) (DN 17). This matter is now ripe for adjudication. For the following reasons, Plaintiff's motion is **DENIED**.

Also before the Court are Plaintiff's motions for Certificate of Appealability (DN 19) and to proceed in forma pauperis (DN 20). These matters are now ripe for adjudication. For the following reasons, Plaintiff's motions for Certificate of Appealability and to proceed in forma pauperis are **TRANSFERRED** to the Sixth Circuit.

## BACKGROUND

The petitioner, John Henry Lewis, filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (DN 1.) This matter was referred to the magistrate judge for a report and recommendations pursuant to 28 U.S.C. § 636. (DN 5.) The magistrate judge filed his report and recommendations on November 24, 2009. (DN 10.) Petitioner objected to the magistrate judge's report on the grounds that the magistrate judge entered his report and recommendations before receiving and without considering Petitioner's reply. (DN 14.) Petitioner also objected to several of the substantive findings in the magistrate judge's report. (DN 14.) The Court conducted a de novo review of the magistrate judge's report in light of the objections thereto and the record as a whole and found that dismissal of the petition was appropriate. (DN 15.) Petitioner now moves the

Court to alter or amend that order. (DN 17.)

A more complete factual background of this case can be found in the Court's prior memorandum opinion. (DN 15.)

**STANDARD**

Petitioner has moved this Court to alter or amend its order pursuant to Federal Rule of Criminal Procedure 59(b); however this is a civil matter and the appropriate rule is Federal Rule of Civil Procedure 60(b). There are six grounds provided under Rule 60(b) for relief from a final order, including:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. Pro. 60(b). Motions to reconsider under Rule 60(b) provide an "opportunity for the court to correct manifest errors of law or fact and to review newly discovered evidence or to review a prior decision when there has been a change in the law." *United States v. Davis*, 939 F. Supp. 810, 812 (D. Kan. 1996). Rule 60(b) motions fall within the sound discretion of the district court. *FHC Equities, L.L.C. v. MBL Life Assurance Corp.*, 188 F.3d 678, 683 (6th Cir. 1999). Such motions seek extraordinary judicial relief and can be granted only upon a showing of exceptional circumstances. *McAlpin v. Lexington 76 Auto Truck Stop, Inc.*, 229 F.3d 491, 502-03 (6th Cir. 2000) (citing *Dickerson v. Bd. of Educ. of Ford Heights*, 32 F.3d 1114, 1116 (7th Cir. 1994)).

**DISCUSSION**

Petitioner has not argued, nor has he provided evidence, that he is entitled to relief on grounds one through five provided in Rule 60(b), therefore he must present another reason which justifies relief. Petitioner asserts in his motion that the court was incorrect when it dismissed ground one, constructive amendment of the indictment, and ground three, ineffective assistance of appellate counsel, for failure of Petitioner to sufficiently allege prejudice. Petitioner also asserts the Court improperly dismissed ground two, ineffective assistance of trial counsel, by finding the state court did not make a determination that was contrary to or an unreasonable application of federal law.

The arguments set forth by Petitioner in his motion to alter or amend are the same as those asserted in his reply and his objection to the magistrate judge's report and recommendation. The Court has thoroughly considered these arguments and found them unpersuasive.

Petitioner's motions for certificate of appealability and to proceed in forma paupers are no longer properly before this Court. In the Order entered February 25, 2010, the Court denied Petitioner/Appellant a certificate of appealability pursuant to 28 U.S.C. § 2253(c), and denied Petitioner/Appellant leave to appeal to the Court of Appeals in forma pauperis. (DN 16.) Petitioner/Appellant was instructed that any further request for a certificate of appealability or for appeal in forma pauperis should be directed to the United States Court of Appeals for the Sixth Circuit pursuant to the requirements of Fed. R. App. P. 22(b) and 24, respectively. (DN 16.) The Court concludes that Petitioner/Appellant intended to file the motions in the Sixth Circuit Court of Appeals.

## CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** Petitioner's Motion to Alter or

Amend is **DENIED**.

**IT IS FURTHER ORDERED** that the pending motions for certificate of appealability and to proceed in forma pauperis (DNs 19 and 20) are **TRANSFERRED** to the Sixth Circuit Court of Appeals for consideration.