UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:09-CV-00154-R

JOHN HENRY LEWIS                                                                    PETITIONER

v.

JOSEPH MEKKO, WARDEN                                                          RESPONDENT

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon Petitioner John H. Lewis's Motion to Alter or Amend an Earlier Judgment Pursuant to Rule 60(b) (DN 25). Respondent has not responded and the time to file a timely response has passed. This motion is now ripe for adjudication. For the following reasons, this motion is DENIED.

## BACKGROUND

Lewis, *pro se*, has previously filed a Petition for a Writ of Habeas Corpus. DN 1. The matter was referred to Magistrate Judge King for a report and recommendation pursuant to 28 U.S.C. § 636. The magistrate judge entered his recommendation on November 24, 2009, deciding that Lewis's petition should be denied. DN 10. After this Court reviewed Lewis's objections to the report, it ultimately declined to accept them and thereafter found that dismissal of the petition was appropriate. DN 15. Following this ruling, Lewis filed a motion requesting this Court to alter or amend its order under the Federal Rule of Civil Procedure 60(b), which was also denied. DN 23.

Lewis has filed yet another Motion to Alter or Amend the Court's order pursuant to Rule 60(b). As grounds for this motion, Lewis attacks his criminal trial on a number of different bases. First he claims that as he was only indicted for intentional murder, his conviction for

1

wanton murder in the Kentucky trial court was improper. He also states that for similar reasons, the court was without jurisdiction to hear his criminal matter. Second, Lewis urges this Court to void his conviction because his appellate counsel was ineffective, as he failed to raise certain issues to the state's appellate-level courts. Finally, Lewis argues that the evidence offered at trial was insufficient to sustain his conviction.

## STANDARD AND ANALYSIS

There are six grounds provided under Rule 60(b) for relief from a final order, including:

(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

Fed. R. Civ. Pro. 60(b). Motions to reconsider under Rule 60(b) provide an "opportunity for the court to correct manifest errors of law or fact and to review newly discovered evidence or to review a prior decision when there has been a change in the law." *United States v. Davis*, 939 F. Supp. 810, 812 (D. Kan. 1996). Rule 60(b) motions fall within the sound discretion of the district court. *FHC Equities, L.L.C. v. MBL Life Assurance Corp.*, 188 F.3d 678, 683 (6th Cir. 1999). Such motions seek extraordinary judicial relief and can be granted only upon a showing of exceptional circumstances. *McAlpin v. Lexington 76 Auto Truck Stop, Inc.*, 229 F.3d 491, 502-03 (6th Cir. 2000) (citing *Dickerson v. Bd. of Educ. of Ford Heights*, 32 F.3d 1114, 1116 (7th Cir. 1994)).

As Lewis does not raise an issue in his motion that falls under the first five bases for

Rule-60(b) relief, the Court must determine whether any of the arguments he offers justify this extraordinary remedy. However, a careful review of the record reveals that the arguments Lewis puts forward in this motion have already been previously considered and rejected by the Court as well as Magistrate Judge King. *See* DN 10; DN 23. None of the allegations Lewis makes in this renewed motion to alter or amend persuades this Court that its prior decision was incorrectly rendered. Moreover, the Court has already forwarded several of Lewis's claims, previously denied, to the Sixth Circuit Court of Appeals for its consideration. DN 23. Since Lewis has not offered new law or facts in support of his motion and as this Court has not encountered any error in its previous rulings, this motion is DENIED.

## CONCLUSION

For the foregoing reasons, IT IS ORDERED THAT Petitioner's Motion (DN 25) is DENIED.